UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MELINDA RAYTER,                          )
                                         )
                    PLAINTIFF,           )
                                         )
            VS.                          )        CAUSE NO. 2:12-CV-75-RLM-APR
                                         )
CRAWFORD AVENUE ANESTHESIA               )
PROVIDER SERVICES LLC, NICK              )
RADONJIC, DAVID MILES, RONALD            )
HAYES, M.D., NARAYAN NEUPANE,            )
M.D., AND ZUMRAN HAMID, M.D.,            )
                                         )
                    DEFENDANTS.          )

OPINION and ORDER

This matter is before the court on a motion to dismiss filed by defendants
Crawford Avenue Anesthesia Provider Services LLC; Nedan ("Nick") Radonjic;
David Miles; Ronald Hayes, M.D.; and Narayan Neupane, M.D. (Doc. No. 14),
and a motion for judgment on the pleadings filed by defendant Zumran Hamid,
M.D. (Doc. No. 16). Plaintiff Melinda Rayter opposes both motions.

I. STANDARD

The court uses the same legal standard to evaluate a motion to dismiss
for failure to state a claim under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) and
a motion for judgment on the pleadings under Rule 12(c). Pisciotta v. Old Nat.
Bancorp, 499 F.3d 629, 633 (7th Cir. 2007). In evaluating either motion, the
court takes all facts alleged in the complaint as true and draws all reasonable

inferences in favor of the plaintiff. Id. *citing* Thomas v. Guardsmark, Inc., 381 F.3d 701, 704 (7th Cir. 2004). To present a cognizable claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Detailed factual allegations aren't required, but there "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss (or motion for judgment on the pleadings), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2007) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. at 570); *accord* McCauley v. City of Chicago, 671 F.3d 611, 615 (7th Cir. 2011). A claim is plausible if the plaintiff provides enough factual content to allow the court to draw an inference that he is entitled to relief. McCauley v. City of Chicago, 671 F.3d at 615, (*quoting* Ashcroft v. Iqbal, 556 U.S. at 662).

## II. The Individual Defendants

The four individual defendants who filed the motion to dismiss and Dr. Hamid, who filed the motion for judgment on the pleadings, all argue that they are entitled to dismissal because Ms. Rayter's legal theory – that these five people discriminated against Ms. Rayter in violation of Title VII – doesn't apply to coworkers, even when they're in a supervisory role. Ms. Rayter doesn't dispute that these five people are just coworkers and supervisors and she doesn't dispute that she erred in naming them as defendants. Ms. Rayter asks that rather than granting the motion to dismiss, the court leave the five individual defendants intact presently and dismiss them as part of the pretrial order. In the alternative, Ms. Rayter asks that the court dismiss the individual defendants without prejudice or that the court allow her to modify her complaint to remove these defendants. At another point, Ms. Rayter requests that she be allowed to amend her complaint to bring different legal theories against these five individuals, but doesn't say what these theories would be.

Title VII does not impose liability on coworkers or supervisors, only on employers. Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995) ("Because a supervisor does not, in his individual capacity, fall within Title VII's definition of employer, Williams can state no set of facts which would enable her to recover under the statute."). Because Ms. Rayter doesn't disagree with this conclusion and doesn't claim that any of these five people are her employer (all parties agree that Crawford Avenue Anesthesia Provider LLC is the employer), each individual defendant is entitled to dismissal.

While Ms. Rayter has asked in the text of her responses for dismissal without prejudice, leave to amend her complaint to remove the defendants, and leave to amend the complaint to assess bringing some other unspecified claims against the individual defendants, none of these appears in the form of a motion. Federal Rule of Civil Procedure 15 would have allowed Ms. Rayter to modify her complaint once as a matter of course within 21 days of service of the motion to dismiss or the answer, but Northern District of Indiana Local Rule 7-1 requires the filing of a separate motion for each of these requests. Local Rule 15-1 requires that a party seeking to amend a pleading attach the proposed amendment. Ms. Rayter hasn't complied with either of these requirements. And while Ms. Rayter has attached Crawford Avenue's anti-discrimination policy and asserts that the individual defendants are continuing to violate that, her pleadings don't contain a factual or legal basis indicating that allowing an amendment to bring new claims against these individuals is an equitable remedy. This leaves the court obligated to dismiss the claims the five individual defendants with prejudice for failure to state a claim upon which a court could grant relief. Fed. R. Civ. P. 12(b)(6) and 12(c).

## III. The Corporate Defendant

The parties agree that Crawford Avenue Anesthesia Provider Services LLC is Ms. Rayter's employer and she alleges violations of Title VII against it. To proceed on a Title VII complaint alleging workplace sexual harassment, Ms. Rayter must be able to show: "(1) her work environment was both objectively and subjectively offensive; (2) the harassment she complained of was based on her sex; (3) the conduct was either severe or pervasive; and (4) there was a basis for employer liability." Passananti v. Cook County, No. 11-1182, 2012 WL 2948524 (7th Cir. July 20, 2012), *citing* Dear v. Shinseki, 578 F.3d 605, 611 (7th Cir. 2009).

Some of Ms. Rayter's allegations assert she was the victim of slurs that might be sexual in nature and might be offensive to lesbian women, but she makes those against a non-supervisory co-worker and the assertion lacks a basis for employer liability such as negligence in discovering or stopping the harassment. Dear v. Shinseki, 578 F.3d at 611; *see also* Williams v. Waste Management of Illinois, 361 F.3d 1021, 1029 (7th Cir. 2004) ("[W]e evaluate the fourth prong regarding the basis for employer liability differently depending on whether the alleged harassment was perpetrated by supervisors or coworkers."). Other claims allege retaliatory action by direct supervisors, but indicate that the supervisors took the action ostensibly because Ms. Rayter witnessed a doctor mishandling patient matters (in one case an alleged HIPAA violation, in another case a doctor's unwillingness to get involved with a patient who turned out, apparently unbeknownst to the doctor, to be Ms. Rayter's

brother, and in another case an assertion that Ms. Rayter shouldn't have been involved with a patient who died in surgery). Title VII's design doesn't contemplate such claims because Congress crafted it to stop unlawful employment practices based on an individual's race, color, religion, sex, or national origin. 42 U.S.C.A. § 2000e-2. Finally, several allegations seem to relate to a coworker's accusation that Ms. Rayter caused him to receive emails of a sexual nature. This claim has no correlation to the employer, Dear v. Shinseki, 578 F.3d at 611, and the letter to Ms. Rayter from Crawford Avenue management, attached to the complaint, seems to indicate that the management took steps to address and stop the situation.

In short, the complaint is rife with accusations about mistreatment at the hands of Ms. Rayter's coworkers, some of whom are supervisors, but creating a single claim against Crawford Avenue would require imaginative reading. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). None of the allegations relate to Crawford Avenue and no single claim alleges the elements of a Title VII claim with a minimum level of clarity and specificity to raise the complaint above the speculative level. *See* Bell Atl. Corp v. Twombly, 550 U.S. at 555. Therefore, the court must dismiss the complaint against Crawford Avenue, but the court will allow time in which Ms. Rayter may file a new complaint that complies with the rules (federal and local) and clearly states an actionable claim.

## IV. DISQUALIFICATION OF COUNSEL

In a more recent filing (Doc. No. 25), Ms. Rayter asks the court to disqualify the law firm of Miner, Barnhill & Galland based on accusations of dishonesty. Ms. Rayter hasn't properly raised the issue before the court because the local rules require such a motion to be separately filed and properly titled. N.D. Ind. L.R. 7-1. Furthermore, there appears to be no merit to the three accusations of wrongdoing and, as written, the paper gives the appearance that a reasonable inquiry into the underlying facts wasn't made. First, Ms. Rayter says that her complaint is sworn as to the facts pleaded and the defendant's filing is not. Ms. Rayter leaves the court with no indication that defense counsel has done anything wrong. In fact, all the defense papers appear on their face to be properly filed and electronically signed. Ms. Rayter's papers, which are sometimes filed upside down, without caption, with an improper title, and out of logical or sequential order are the only filings in the record that look suspect.

Second, Ms. Rayter says she is attaching evidence showing that defense counsel is falsely representing that Mr. Radonjic is not the CEO when Ms. Rayter's counsel can prove he is the CEO based on his email signature. Her attachment (filed without proper caption as document number 24), reveals Mr. Radonjic calling himself the "Chief Operating Officer," of another entity, not "Chief Executive Officer" of any entity, including Crawford Avenue. There is no indication of falsehood here.

Third, Ms. Rayter takes issue with defense counsel's assertion that Mr. Radonjic is an attorney in good standing and attaches a letter from Illinois' attorney registration commission indicating that no "Nicholas Radonic" is admitted in that state. In fact, Ms. Rayter sued Mr. Radonjic with the proper spelling of his last name (including the "j") but apparently requested the attorney check with an improper spelling ("Radonic") and using Mr. Radonjic's nickname, not his apparently proper first name, "Nenad." The court can take judicial notice that Nenad Radonjic appears to be a member of the Illinois Bar in good standing.

Because these accusations of opposing counsel's dishonesty don't form the basis of a properly made motion and appear to the court to be completely baseless, the court takes the extraordinary step of striking document number 25 *sua sponte*.

If Ms. Rayter chooses to file an amended complaint, her counsel should review Federal Rule of Civil Procedure 11 carefully. He also should review the Seventh Circuit Civility Standards, which govern conduct in this court. If he does so, he will see that at least two comments found in Ms. Rayter's response to the dismissal motion were unacceptable under those standards.

## V. CONCLUSION

Title VII provides no liability against individual, non-employer defendants, so the court GRANTS dismissal with prejudice as to Mr. Radonjic, Mr. Miles, Dr. Hayes, Dr. Neupane, and Dr. Hamid.

Ms. Rayter's complaint doesn't state a claim with clarity against Crawford Avenue, as the rules require, so the court GRANTS dismissal with prejudice as to Crawford Avenue Anesthesia Provider Services LLC, but GRANTS Ms. Rayter 14 days from the entry of this order in which to file an amended complaint. If no amended complaint is filed by that date, judgment will be entered against her.

The court STRIKES Ms. Rayter's response (Doc. No. 25) to the extent it might seek disqualification of opposing counsel. The court takes no other action on the improperly made motion to disqualify defense counsel.

SO ORDERED.

ENTERED:  August 7, 2012

_____/s/ Robert L. Miller, Jr._____ _____
Judge
United States District Court