UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MELINDA RAYTER, )<br>)<br>PLAINTIFF, )<br>)<br>vs. )<br>)<br>CRAWFORD AVENUE ANESTHESIA )<br>PROVIDER SERVICES LLC, NICK )<br>RADONJIC, DAVID MILES, )<br>RONALD HAYES, M.D., NARAYAN )<br>NEUPANE, M.D., AND ZUMRAN )<br>HAMID, M.D., )<br>DEFENDANTS. ) | CAUSE NO. 2:12-CV-75-RLM-APR |

OPINION and ORDER

On January 11, 2012, Attorney Dennis J. Stanton filed a complaint on behalf of Melinda Rayter in the Lake County Circuit Court. The complaint alleged violations of Title VII of the Civil Rights Act of 1964 as amended and named a corporate entity, Crawford Avenue Anesthesia Provider Services LLC, and five individuals, including Dr. Zumran Hamid, as defendants. The defendants collectively removed the case to the Northern District of Indiana invoking federal question jurisdiction. 28 U.S.C. §§ 1331, 1441(a). Dr. Hamid filed an answer to the complaint, and all defendants except Dr. Hamid filed a joint motion to dismiss. Dr. Hamid moved for judgment on the pleadings. On August 7, 2012, the court dismissed the claims against the five individual defendants with prejudice, dismissed the claims against Crawford Avenue with leave to file an amended complaint that complied with federal and local rules

and clearly stated an actionable claim, and struck Ms. Rayter's response to the extent it sought to disqualify opposing counsel.

Dr. Hamid seeks attorney's fees pursuant to 42 U.S.C. § 2000e-5(k). Dr. Hamid maintains that as a prevailing party he is entitled to fees because Ms. Rayter's claims against him were frivolous in light of unambiguous case law. After Mr. Stanton filed an amended complaint on Ms. Rayter's behalf, he and she parted ways. After the court granted a month long stay of the proceedings and two extensions of time, Ms. Rayter's new counsel filed a response to Dr. Hamid's motion for attorney's fees, asserting several theories in hopes of shifting any fee award to Ms. Rayter's former counsel, Mr. Stanton. The court invited Dr. Hamid to supplement the record with sufficient evidence of the fees incurred, which he did, and Ms. Rayter to respond to the supplement, which she did not.

I. Attorney's Fees Pursuant to 42 U.S.C. § 2000e-5(k)

Dr. Hamid argues that he is entitled to attorney's fees pursuant to 42 U.S.C. § 2000e-5(k) because Ms. Rayter's claims against him were frivolous and groundless in light of unambiguous case law. Under section 2000e-5(k), the court can, in its discretion, award a Title VII claim prevailing party a reasonable attorney's fee. 42 U.S.C. § 2000e-5(k). A defendant that successfully defends against a Title VII claim "may receive fees only in very narrow circumstances." Badillo v. Cent. Steel & Wire Co., 717 F.2d 1160, 1163 (7th

Cir. 1983). "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so." Badillo v. Cent. Steel & Wire, 717 F.2d at 1163 (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)). A court can award attorney's fees to a prevailing defendant when a plaintiff "pursue[s] a claim which is frivolous in light of unambiguous case law." Hamer v. Lake Cnty., 819 F.2d 1362, 1367 (7th Cir. 1987). The plaintiff's claim must be "meritless in the sense that it is groundless or without foundation." Hamer v. Lake Cnty., 819 F.2d at 1366 (quoting Hughes v. Rowe, 449 U.S. 5, 14 (1980)).

Ms. Rayter's original complaint alleged discrimination and harassment under Title VII, 42 U.S.C. § 2000e-1 et seq, and named Dr. Hamid, in his individual capacity, as a defendant. The court granted Dr. Hamid's motion for judgment on the pleadings because Title VII only imposes liability on employers. Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995). Dr. Hamid contends that significant, clear, and controlling precedent holds that an individual defendant can't be held liable under Title VII. Silk v. City of Chicago, 194 F.3d 788, 797 n.5 (7th Cir. 1999). As such, Dr. Hamid argues Ms. Rayter's claim against him was frivolous. The court agrees. In the 1995 decision Williams v. Banning, the court of appeals held that a supervisor can't be held liable in his or her individual capacity under Title VII. 72 F.3d 552, 555 (7th Cir. 1995). Courts have followed that holding consistently over the years. *See*

Robinson v. Sappington, 351 F.3d 317, 332 n.9 (7th Cir. 2003); Molnar v. Booth, 229 F.3d 593, 599 (7th Cir. 2000); Gastineau v. Fleet Mortgage Corp., 137 F.3d 490, 494 (7th Cir. 1998); Geier v. Medtronic, Inc., 99 F.3d 238, 244 (7th Cir. 1996). From its inception, Ms. Rayter's claim against Dr. Hamid was foreclosed by Williams v. Banning and subsequent decisions of the court of appeals. Consequently her claim was meritless in the sense that it was groundless, and Dr. Hamid is entitled to attorney's fees.

## II. LIABILITY OF COUNSEL OR THE CLIENT

Ms. Rayter urges the court to impose any award of attorney's fees only against her former counsel, Mr. Stanton. She argues that knowledge of unambiguous legal precedent is the responsibility of the attorney and not the client, a layperson. 42 U.S.C. § 2000e-5(k) only authorizes the imposition of fees against parties to the litigation, not their attorneys. Cooney v. Casady, No. 10-3842, 2013 WL 4406668, at *8 (7th Cir. Aug. 19, 2013) (citing Roadway Exp., Inc. v. Piper, 447 U.S. 752, 761 (1980)); Badillo v. Cent. Steel & Wire Co., 717 F.2d 1160, 1163 (7th Cir. 1983) (the same principles apply to 42 U.S.C. § 1988(b) and 42 U.S.C. § 2000e-5(k)). Dr. Hamid argues that he seeks fees from Ms. Rayter, not Mr. Stanton, and emphasizes that the client is bound by the acts of the attorney. Link v. Wabash R. Co., 370 U.S. 626, 633-634 (1962). The court is not limited by the basis of Dr. Hamid's motion. *See* Hamer v. Lake Cnty., 819 F.2d at 1370 n.15 (defendants sought attorney's fees pursuant to 42

U.S.C. § 1988; court of appeals remanded for the district court to consider alternative theories of the liability of the plaintiffs' attorneys, including the three theories advanced by Ms. Rayter); Shrock v. Altru Nurses Registry, 810 F.2d 658, 662 (7th Cir. 1987) (request for sanctions under Rule 11 is not a prerequisite to their imposition).

Ms. Rayter contends that the court, pursuant to its inherent power, should assess a fee award against counsel who willfully abuse judicial process under the bad faith exception to the American rule that a litigant can't recover his attorney's fees. *See* Roadway Exp., Inc. v. Piper, 447 U.S. at 765-766. A fee award under the court's inherent powers requires the plaintiff, or her attorney, to act in bad faith. McCandless v. Great Atl. & Pac. Tea Co., Inc., 697 F.2d 198, 200-201 (7th Cir. 1983) (compared to a fee award under Title VII that doesn't require bad faith). Examples of bad faith are "harassment, unnecessary delay, needless increase in the cost of litigation, willful disobedience, and recklessly making a frivolous claim." Mach v. Will Cnty. Sheriff, 580 F.3d 495, 501 (7th Cir. 2009). An attorney's negligence doesn't amount to bad faith. Maynard v. Nygren, 332 F.3d 462, 471 (7th Cir. 2003); Tucker v. Williams, 682 F.3d 654, 662 (7th Cir. 2012) (clumsy lawyering not sufficient to warrant sanctions under the court's inherent authority).

Ms. Rayter characterizes Mr. Stanton's conduct as reckless indifference to the law by a rogue attorney who didn't know, didn't research, or simply disregarded the law. Precedent plainly foreclosed Ms. Rayter's Title VII claims

against her coworkers and supervisors, including Dr. Hamid. A reasonable amount of research would have revealed the proper defendants to name in the suit and saved the five individual defendants the time, stress, and expense of defending against the suit. *See* McCandless v. Great Atl. & Pac. Tea Co., Inc., 697 F.2d at 201 ("Judge Learned Hand once stated that 'as a litigant, I should dread a lawsuit beyond almost anything else short of sickness and death.'"). Filing a meritless claim, however, "will not support a finding of bad faith in and of itself." McCandless v. Great Atl. & Pac. Tea Co., Inc., 697 F.2d at 201.

Mr. Stanton clearly made a mistake, and he repeatedly admitted as much in the response: "he erred in naming the individuals as defendants," "[t]he Defendants argument as to the absence of individual liability under the Act plaintiff's counsel agrees he made a mistake therein," "plaintiff's counsel made the error of including individual defendants," and "[h]owever, counsel admits his error in including them as individual Defendants under this statute." (Doc. No. 18). Mr. Stanton's mistake seems to have been unintentional, but his response to the motion to dismiss and motion for judgment on the pleadings further complicated matters. Mr. Stanton asked the court to delay dismissing the five individual defendants until the court issued the pretrial order, for dismissal without prejudice, for leave to amend the complaint to remove the defendants, and for leave to modify the complaint to bring other unspecified claims against the individual defendants. Although Mr. Stanton realized and admitted his mistake, he didn't readily concede that the

individual defendants should be dismissed with prejudice. Procedurally, he didn't effectively remedy the harm. Federal Rule of Civil Procedure 15 would have allowed the plaintiff to modify the complaint once as a matter of course within 21 days of service of the motion to dismiss. Northern District of Indiana Local Rule 7-1 requires a separate motion for each request, and Local Rule 15-1 requires a party seeking to amend a pleading to attach the proposed amendment. None of the requests in the responses was made in the form of a motion or complied with any of these requirements.

Mr. Stanton mistakenly named individual defendants in a Title VII claim and then bumbled correcting the error. Nothing suggests a desire to harass the individuals, willful disregard of a court order,[1] or intentional disregard of the precedent. Mr. Stanton didn't name Dr. Hamid as a defendant in the amended complaint he filed soon after the court's order granting leave to amend. Mr. Stanton is simply guilty of negligence or poor lawyering in his handling of the matter, not bad faith. *See* Tucker v. Williams, 682 F.3d 654, 662 (7th Cir. 2012) (sanction in the interest of fairness is outside the court's inherent power).

Secondly, Ms. Rayter suggests the fee award could be assessed against her former counsel as a sanction under Federal Rule of Civil Procedure 11 for

---

[1] For the purposes of this motion, the court doesn't consider Mr. Stanton's actions that didn't directly affect Dr. Hamid, such as the accusations of dishonesty against his co-defendant's opposing counsel that the court found completely baseless and struck *sua sponte* from the record or the amended complaint that again named an individual defendant that the court previously dismissed with prejudice.

violation of the rule's requirement that by presenting a pleading to the court, counsel certifies that after a reasonable inquiry the claims and other legal contentions are warranted by existing law. The court urged Mr. Stanton to review Rule 11 carefully, but his actions, as described above, don't warrant sanctions. In similar situations in which counsel has been sanctioned under Rule 11 for naming individual defendants in Title VII claims, the attorneys continued to pursue the claims after opposing counsel had alerted them to the precedent barring the claim. *See* <u>Shelton v. Ernst & Young, LLP</u>, 143 F. Supp. 2d 982, 994 (N.D. Ill. 2001) (counsel persisted with frivolous claims after counsel was warned that the Title VII claims were time-barred and that individual supervisors couldn't be held liable under Title VII); <u>Noe v. Interstate Brands Corp.</u>, 188 F.R.D. 513, 516 (S.D. Ind. 1999) (counsel continued to pursue Title VII claim against individual supervisors after being alerted the claims weren't warranted by existing law, the amended complaint still had those claims, counsel continued to serve the individuals with discovery requests, and advocated the claims in the response to the summary judgment motion). Mr. Stanton didn't continue to pursue the claim against Dr. Hamid after the court dismissed the claim, and the court declines to speculate as to what Mr. Stanton would have done had he and Ms. Rayter not parted ways.

Finally, Ms. Rayter suggests 28 U.S.C. § 1927 allows the court to impose the excess costs, expenses, and attorney's fees against counsel personally that were incurred because counsel multiplied the proceedings of a case

unreasonably and vexatiously. "Sanctions against counsel under 28 U.S.C. § 1927 are appropriate when 'counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders.'" Grochocinski v. Mayer Brown Rowe & Maw, LLP, 719 F.3d 785, 799 (7th Cir. 2013). Section 1927 requires more than ordinary negligence on the part of counsel. Kotsilieris v. Chalmers, 966 F.2d 1181, 1185 (7th Cir. 1992). Ms. Rayter doesn't say how Mr. Stanton multiplied the proceedings beyond that he acted recklessly, presumably by bringing the frivolous claim. As already discussed, Mr. Stanton didn't pursue the claim against Dr. Hamid after notice that the claim was barred by precedent, and Mr. Stanton's actions amounted to negligence. Section 1927 doesn't apply to Mr. Stanton's conduct.

"Unlike a party, an attorney should be able to do the necessary research to evaluate properly the merits of a claim. . . . Before filing suit, it would seem to be a reasonable expectation that the attorney do some basic research on the applicable law." McCandless v. Great Atl. & Pac. Tea Co., Inc., 697 F.2d at 201. Mr. Stanton's conduct doesn't rise to the level of bad faith or gross negligence that would allow the court to impose the attorney's fee award on him as counsel for Ms. Rayter under any of the three theories she contends could legally shift the blame. Pursuant to 42 U.S.C. § 2000e-5(k), Dr. Hamid is entitled to attorney's fees as a prevailing defendant to a frivolous claim. The

fault here lies solely with counsel, but Mr. Stanton acted as Ms. Rayter's agent, and the court must impose the attorney's fee award on Ms. Rayter as the party.

III. A REASONABLE ATTORNEY'S FEE

Section 2000e-5(k) requires the court to award a reasonable attorney's fee calculated by the lodestar method, in which a reasonable hourly rate is multiplied by the reasonable number of hours spent on the litigation. Pickett v. Sheridan Health Care Ctr., 664 F.3d 632, 639 (7th Cir. 2011) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). A reasonable hourly rate is the market rate for the services rendered, which may be established by an attorney's actual billing rate for similar litigation. Pickett v. Sheridan Health Care, 664 F.3d at 640. The party requesting fees "bears the burden of 'produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community.'" Pickett v. Sheridan Health Care, 664 F.3d at 640 (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).

Dr. Hamid submitted an affidavit of his attorney Brian R. DeHem in which Mr. DeHem stated that his time is billed at $140 per hour and his co-counsel Gregory A. Crisman's time is billed at $180 per hour. Mr. DeHem also stated the fees billed "are reasonable and customary for Lake County, Indiana for this type of work and for the professional skill and background of the lawyers rendering the services." Mr. DeHem's statements alone were

-10-

insufficient to establish a reasonable hourly rate; the attorney must present evidence and do more than merely request an hourly rate. People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205, 90 F.3d 1307, 1311 (7th Cir. 1996). Dr. Hamid supplemented his motion and argues the best evidence of whether attorney's fees are reasonable is whether a party has paid them. Pickett v. Sheridan Health Care, 664 F.3d at 653-654. The supplement contained copies of Dr. Hamid's client ledger report that summarized his account and detailed invoices that note "payment received." "[O]nce the attorney provides evidence of the market rate, the burden shifts to the opposing party to show why a lower rate should be awarded." Stark v. PPM Am., Inc., 354 F.3d 666, 675 (7th Cir. 2004). Ms. Rayter didn't contest the reasonableness of the hourly rate in either her response to the motion or following the court's invitation to respond to Dr. Hamid's supplement. When the attorney's affidavits are combined with the evidence that the client paid the invoices and Ms. Rayter's lack of a response, the court finds the hourly rates are reasonable. Stark v. PPM Am., 354 F.3d at 675 ("The defendants were saved on this issue by statements by the defendant-companies that they paid their attorneys in full for the services rendered and by [opposing party's] failure to adequately contest the issue.").

Dr. Hamid claims the number of hours expended are presumptively reasonable since he has paid in full. Regardless of whether the client has paid, however, "[a]n attorney's hours are subject to the scrutiny of the court and unreasonable hours should not be compensated." People Who Care v. Rockford

Bd. of Educ., Sch. Dist. No. 205, 90 F.3d at 1314. "In determining the reasonable number of hours, the court should exclude hours that are 'excessive, redundant or otherwise unnecessary.'" Small v. Richard Wolf Med. Instruments Corp., 264 F.3d 702, 708 (7th Cir. 2001) (quoting Hensley v. Eckerhart, 461 U.S. at 434). Dr. Hamid seeks $7,818 in legal fees. The detailed monthly invoices are from August 2011 through December 2012 and the summary shows 52.3 hours of attorney work done by the two attorneys. The invoices report the cost for individual tasks, but don't reflect the underlying hours. Ms. Rayter doesn't contest the fee amount or whether the corresponding number of hours is reasonable.

The court declines to impose the cost of four line items from the invoices that are unrelated to defending against the suit and consequently unnecessary: the time spent investigating opposing counsel's license, research regarding co-defendant's counsel, reviewing correspondence from co-defendant's counsel regarding contact information, and analysis of Dr. Hamid's correspondence regarding relocation. Only 0.6 hours were spent on these tasks, but they are unreasonable. The court also declines to impose the cost of a telephone conference with the clerk's office regarding electronic service, 0.2 hours, a clerical task easily delegable to non-professional assistance. *See* Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999). The total of these line items is $136 (0.6 hours at $180 per hour and 0.2 hours at $140 per hour).

The court also declines to impose the 7.2 hours incurred on nine redacted entries. In eight of those entries, the subject of research was redacted from the invoices. The one other entry noted an internal conference between the two attorneys and part of the topic of discussion was redacted. The court must reduce the award where the documentation of hours in inadequate. Hensley v. Eckerhart, 461 U.S. at 433. Without the withheld information, the court can't know whether the research or discussion was relevant to the case. The total fee for those 7.2 hours was $1,024 (0.4 hours at $180 per hour and 6.8 hours at $140 per hour).

The remaining legal fees represent 44.3 hours of legal work and include client conferences and correspondence, correspondence with opposing counsel and co-defendant's counsel, drafting the answer, motions, and replys, analysis of the motions and responses filed by the co-defendants and plaintiff, preparation of the fee petition, and miscellaneous expenses. The number of hours seems high to defend a claim that Dr. Hamid asserts was clearly foreclosed by precedent, but Ms. Rayter didn't offer any objections to the fee amount. The court cannot find fault with the reasonableness of the remaining fee and the corresponding number of hours. The requested amount of legal fees, $7,818, reduced by the four unrelated line items, the telephone conference, and the redacted items, equals a legal fee award of $6,658.

IV. CONCLUSION

For the foregoing reasons, the court GRANTS the defendant Dr. Hamid's motion for attorney's fees (Doc. No. 30) pursuant to 42 U.S.C. § 2000e-5(k) and assesses $6,658 in legal fees against the plaintiff Ms. Rayter.

SO ORDERED.

ENTERED: October 1, 2013

/s/ Robert L. Miller, Jr.
Judge
United States District Court